ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JEFFREY A. KRALLER and § <br> ALAN POLLENZ § <br> § <br> Plaintiffs, § <br> § <br> ALLIED PILOTS ASSOCIATION, § <br> § <br> Defendant. § <br> § | Civil Action No: 3 03 CV-761 P |

## ANSWER OF DEFENDANT ALLIED PILOTS' ASSOCIATION

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendant Allied Pilots' Association, by and through their counsel, submits this answer to the amended complaint filed in this action, and states as follows:

### Introduction

1. This complaint arises under the free speech and due process provisions of the "Bill of Rights for Union Members," 29 U.S.C. §§ 411(a)(2), 411(a)(5), and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Plaintiffs seek injunctive and other appropriate relief to remedy unlawful discipline imposed by the defendant union upon the plaintiffs.

**ANSWER:** Defendant neither admits nor denies those statements that constitute characterizations of this action or that purport to describe applicable law, and as these are not statements of fact, defendant is not required to respond.

2. This Court has jurisdiction over this action under 28 U.S.C.§§ 1331, 1337(a); the Labor-Management Relations Act ("LMRDA"), 29 U.S.C. § 185 and the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 412.

**ANSWER:** Defendant neither admits nor denies those statements in paragraph 2 of this complaint regarding this court's jurisdiction, and as these are not statements of fact, defendant is

1

not required to respond.

3. Venue is appropriate in this district, a the district in which the defendant Allied Pilots Association is headquartered and in which the alleged violation occurred, under 28 U.S.C. § 1391(b); 29 U.S.C. §412.

**ANSWER:** Defendant neither admits nor denies those statements in paragraph 3 of this complaint regarding venue, and as these are not statements of fact, defendant is not required to respond.

### Parties

4. Plaintiff JEFFREY A. KRALLER is a captain employed by American Airlines, a member in good standing of the defendant Allied Pilots Association and a resident of Denton County, Texas.

**ANSWER:** Admitted.

5. Plaintiff ALAN POLLENZ is a captain employed by American Airlines, a member in good standing of the defendant Allied Pilots Association. He resides in Raleigh, North Carolina.

**ANSWER:** Admitted.

6. Defendant ALLIED PILOTS ASSOCIATION ("the APA") is a labor organization within the meaning of 29 U.S.C. §402(I), and the designated bargaining representative for the pilots employed by American Airlines, headquartered in the city of Fort Worth, Texas.

**ANSWER:** Admitted.

### Conditions Precedent

7. All conditions precedent to the filing of this action have been met or have occurred.

**ANSWER:** Defendant denies the averments contained in paragraph 7 in the complaint.

### Facts

8. In early August, 2002, plaintiffs organized a recall campaign against John Darrah as the president of the APA, in accordance with the membership's right to recall the president under Article VI of the constitution. See Exhibit "A", attached hereto and incorporated herein by reference.

**ANSWER:** Defendant admits that plaintiffs were active in a recall campaign against John

2

Darrah and that there is a right to recall the president under Article VI of the Constitution but otherwise it is without sufficient information or knowledge to form a belief as to the truth of the averments of in paragraph 8, and therefore denies the averments of paragraph 8. Defendant admits that Exhibit A is a partial reproduction of the APA Constitution and Bylaws.

9. The APA and its members have in recent years come to rely heavily on the internet and electronic mail communications.

**ANSWER:** Defendant admits that it sends messages by e mail to all members including plaintiffs, and that a small percentage of members use a so-called chat room on the APA website known as "challenge and response," but otherwise defendant denies the averments in paragraph 9.

10. Plaintiffs conceived their recall campaign as internet-based, and they set up a web site for it, www.recalldarrah.org.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10, and therefore denies the averments of paragraph 10.

11. In furtherance of their campaign, plaintiffs amassed an online data base of the electronic mail addresses of individual members.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11, and therefore denies the averments of paragraph 11.

12. The membership list for the entire membership based at each of the carrier's domiciles, including addresses, telephone numbers, and electronic addresses of members, has always been accessible to the entire membership at that domicile.

**ANSWER:** Defendant denies that the "entire" membership list with addresses and other similar information has always been accessible at the domiciles, and therefore denies the averments of paragraph 12.

13. Until 1999, the membership list, including addresses, telephone numbers, and electronic addresses of members, was published in book form and distributed to the membership.

**ANSWER:** Defendant denies that the "entire" membership list as described was published in book form and distributed to the membership, and therefore denies the averments of paragraph 13.

14. The membership list is currently maintained as an online data base.

**ANSWER:** Defendant admits that a membership list is maintained as an online data base with limited access, and otherwise denies the averments of paragraph 14.

15. The membership data base is made accessible to the membership by means of log-in pass codes issued by the APA to all members in good standing.

**ANSWER:** Defendant admits that there is limited access to such a list by means of log-in pass codes issued by APA, and otherwise denies the other averments of paragraph 15.

16. Upon collecting members' electronic mail addresses from the APA's online data base, in connection with their recall campaign, plaintiffs discovered that the data base had been programmed to limit any one member to collecting data on a maximum of 25 members' names in any 24-hour period.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 and therefore denies the averments of paragraph 16, except that defendant admits that the data base is programmed to limit any one member collecting such addresses to a maximum of 25 members in any 24 hour period.

17. In response to plaintiffs' requests to fellow members for assistance in amassing members' electronic mail addresses for their recall campaign, some members helped in collecting electronic mail addresses, and others who did not have the time to spend themselves gave plaintiffs their log-in pass codes, with permission to use the codes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 and therefore denies the averments of paragraph 17.

18. One of the log-in pass codes that plaintiffs received belonged to a union committee chair. This code was not restricted to the collection of 25 names in any given 24-hour period.

**ANSWER:** Defendant admits that plaintiffs obtained a pass code of a union committee chair

without permission and that the code was not restricted to the collection of 25 names in a given 24 hour period, and otherwise denies the averments of paragraph 18.

19. Plaintiff Pollenz developed a program that automated the electronic mail address "look-up" process.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19, and therefore denies the averments of paragraph 19.

20. Plaintiffs discovered that the union committee chair's pass code was accessing electronic addresses that had been marked "private" by members who did not wish to share them. Upon making this discovery, plaintiffs promptly purged all electronic addresses marked private from the date theat they had collected. Plaintiffs did not use the private electronic addresses at any time. At the time that they used it, plainitiffs did not know that the committee chair's pass code accessed electronic addresses marked private.

**ANSWER:** Defendant is without information knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20, and therefore denies the averments of paragraph 20.

21. On October 10, 2002, defendant summarily, without notice or hearing, barred plaintiffs' IP addresses from all access to the Association's web site.

**ANSWER:** Defendant admits that without prior hearing plaintiffs were temporarily barred from use of the web site until further investigation and administrative action could be conducted as to how plaintiffs had obtained the use of the committee chair's pass code and how the security of confidential data could be protected and otherwise denies the averments of paragraph 21.

22. On October 29 and 31, 2002, defendant removed the access bars on plaintiffs Kraller's and Pollenz' IP addresses, respectively.

**ANSWER:** Defendant admits the averments in paragraph 22.

23. Under cover letter dated November 1, 2002, plaintiffs were charged by the defendant with "misappropriating money or property of the Association," and of an "act contrary to the best interests of the APA as an institution of its membership as a whole," by making unauthorized use of a committee chair's log-in pass code to access private information and "to download volumes of member information well beyond the limits set by the Board." See Exhibit "B," attached hereto and incorporated herein by reference.

5

**ANSWER:**   Defendant admits the averments of paragraph 23, and admits that Exhibit B is a copy of such letter.

24. On November 7, 2002, defendant adopted a resolution that admitted that "the Association has no explicit written policy on the safeguarding of sensitive internal information," and set forth a new "confidential information policy." See Exhibit "B," attached hereto and incorporated herein by reference.

**ANSWER:**   Defendant admits that it adopted a "confidential information policy" on or about November 7, 2002 except that this action by APA culminated a review that began before the plaintiffs' break-in of the secure data base under false pretenses, and defendant otherwise denies the averments of paragraph 24 and denies Exhibit B is a copy of such resolution.

25. By notice dated November 21, 2002, defendant set a hearing on the charges filed against the plaintiffs for December 5, 2002. See Exhibit "C," attached hereto and incorporated herein by reference.

**ANSWER:**   Defendant admits the hearing date was changed to December 5, 2002, at the request of plaintiffs and otherwise admits the averments of paragraph 25, but denies Exhibit C is a copy of such letter.

26. On the evening of December 3, 2002, defendant's representative, First Officer John Bury, agreed with plaintiffs' representative, Captain Robert Held, to a resolution of the internal charges against plaintiffs, including an agreement to postpone the December 5, 2002 hearing until mid-January, to allow the parties sufficient time to draft a mutually satisfactory joint statement to the members about the incident and its resolution.

**ANSWER:**   Defendant denies that there was a full or complete agreement as to a resolution of the internal charges against Kraller and Pollenz at this time and further states that the agreement to reschedule the hearing was made expressly conditional on the approval of the APA appeal board, and therefore denies the averments of paragraph 26.

27. Plaintiffs and their hearing representative, Robert Held, canceled their plans to attend the hearing, on the basis of the December 3, 2002 agreement.

**ANSWER:**   Defendant denies that there was a full or complete agreement as to a resolution of

the internal charges against Kraller and Pollenz at this time and further states that any agreement to reschedule the hearing was made expressly conditional on the approval of the APA appeal board, which had not been received, and therefore denies the averments of paragraph 27.

28. In mid-afternoon on December 4, 2002, Bury informed plaintiffs that hearing chair Gary Weller had refused to postpone the hearing scheduled to begin the next morning.

**ANSWER:** Admitted.

29. On the evening of December 4, 2002, a winter blizzard hit the East Coast, causing the closing of many airports and the cancellation of many flights out of the Raleigh, North Carolina airport. Plaintiff Pollenz was unable to make the necessary arrangements to leave on December 4, 2002, within mere hours after being informed that the hearing would proceed despite the settlement. He was prevented by the weather from departing the next morning, and therefore was unable to attend the December 5th hearing.

**ANSWER:** Defendant is without knowledge or information sufficient to admit the averments in paragraph 29 and therefore denies the averments of paragraph 29.

30. Defendant's short notice on December 4th of its intent to proceed with the December 5th hearing date despite the settlement also prevented plaintiffs' hearing representative, Robert Held, who resides in the Chicago area, from attending the December 5, 2002 hearing.

**ANSWER:** Defendant denies the averments in paragraph 30.

31. After Weller refused to postpone the hearing, Bury announced at the hearing that defendant was repudiating its settlement agreement.

**ANSWER:** Defendant admits that at the hearing, Bury said there had not been a full and complete settlement agreement and otherwise denies the other averments in paragraph 31.

32. Plaintiff Kraller, who resides in the Fort Worth area, attended the hearing and was compelled to represent himself. He had not prepared for the hearing, in reliance upon the parties' settlement.

**ANSWER:** Defendant admits that plaintiff Kraller attended the hearing and that he resides in the Fort Worth area and that he represented himself and otherwise denies the other averments in paragraph 32, including the averment that Kraller was "not prepared."

33. At the hearing, defendant made a hearsay accusation, unsupported by witness testimony, that plaintiffs' use of the committee chair's log-in pass code was not authorized by the committee chair.

**ANSWER:** Defendant admits that the charging party testified as to a conversation with the committee chair, but denies the charging party made a "hearsay accusation" or that he used hearsay inadmissible under the Federal Rules of Evidence and otherwise denies the averments in paragraph 33.

34. Plaintiff Kraller testified at the hearing that plaintiffs used the committee chair's pass code on the basis of their good faith belief that their use of it had been personally authorized.

**ANSWER:** Defendant APA denies that paragraph 34 accurately characterizes Kraller's testimony as a whole as to "authorization" and therefore denies the averments of paragraph 34.

35. Plaintiff Kraller testified at the hearing, without contradication, that plaintiffs did not know, when they used the contested pass code, that it would download data marked "private." He also testified, without contradiction, that plaintiffs never at nay time used any data that had been marked "private," and had purged all private data from their data base.

**ANSWER:** Defendant admits the averments in the first sentence of paragraph 35 except that APA denies that he testified without "contradiction" since Kraller testified that he did know <u>at some point</u> he was downloading data marked private. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments in paragraph 35 and therefore denies the averments of paragraph 35.

36. On January 4, 2003, the hearing chair issued a written decision finding both plaintiffs guilty, as charged, of misappropriating union data, and he castigated plaintiffs and attacked their personal integrity and honor. He ordered plaintiffs' access to the APA web site suspended for a period of one year, effectively sabotaging their recall campaign against Darrah. See Exhibit "D," attached hereto and incorporated herein by reference.

**ANSWER:** Defendant admits that the "hearing chair" issued such a decision on such date but denies it was the hearing chair and not the appeal board's decision that imposed the discipline

referred to in the first sentence. Defendant also denies that the hearing chair and not the appeal board "ordered the discipline" set forth in the second sentence but admits that plaintiffs were barred from the APA website for a period of one year with the right to petition for revocation of the suspension at the end of six months. Finally, defendants denies that the decision "sabotag(ed)" the recall campaign against Darrah, and denies the other averments of paragraph 36 and denies Exhibit D is a copy of the appeal board decision.

37. The discipline issued by defendant against the plaintiffs was not a disciplinary action authorized by the APA constitution at the time of the events that were the subject of the internal charges against plaintiffs. After defendant filed its internal charges against plaintiffs, however, the Association amended its constitution to grant its appeal board broader disciplinary powers.

**ANSWER:** Defendant denies the averments in the first sentence of paragraph 37. Defendant admits that the APA amended its constitution to clarify the fact that the APA appeal board has power to impose but lesser disciplinary actions than fine, suspension or expulsion and otherwise admits that averments in the second sentence in paragraph 37.

38. Defendant's decision denied plaintiff Pollenz his right to appeal, based on his failure to appear at the December 5th hearing.
**ANSWER:** Defendant denies that "its decision" denied Pollenz' right to appeal since it is the APA Constitution that expressly does so, therefore denies the averments of paragraph 38.

39. Plaintiffs conditionally filed a timely joint appeal from defendant's disciplinary decision, in accordance with Article VII.E of the constitution, asking defendant to confirm in writing that it would waive any procedural objections to Pollenz' right to appeal, and that defendant would assume the fees and expenses of the arbitrator. Defendant never provided the requested confirmation. Nor did defendant comply with any of several other conditions that plaintiffs had requested to assure a fair and impartial appeal proceeding.

**ANSWER:** Defendant admits that plaintiffs filed a timely joint appeal in accordance with Article VII.E of the APA Constitution and that defendant asked for confirmation that the APA would allow Pollenz to appeal and assume the fees and expenses of the arbitrator. Defendant denies the averments of the second sentence of paragraph 39. Defendant is without knowledge or

9

information sufficient to form a belief as to what were the other conditions the plaintiffs had requested and denies the averments of the third sentence.

40. The parties have been unable to settle the dispute. On April 10, 2003, following plaintiffs' notice to the arbitration agency that the arbitration was proceeding on terms that plaintiffs had not authorized, the agency withdrew the proceeding from the arbitration docket. Defendant, by letter of April 10, 2003, informed plaintiffs that the discipline would be imposed effective April 15, 2003. See Exhibit "E," attached hereto and incorporated by reference.

**ANSWER:** Defendant admits the averments in the first sentence in paragraph 40. Defendant admits that the American Arbitration Association withdrew the appeal from the arbitration docket, but denies the other statements and averments in the second sentence of paragraph 40. Defendant admits the averments in the third sentence of paragraph 40. Defendant denies Exhibit E is a copy of the letter of April 10, 2003.

41. As members in good standing, planitiffs are entitled to all of the rights, privileges, and benefits of membership, including the rights of free speech and participation in the affairs of the Union. The discipline imposed on April 15, 2003 is irreparably injuring plaintiffs' free speech and participation rights by depriving them of the right to communicate electronically on the Association web site with one another and their elected officers, and will make it impossible, as a practical matter, for them to continue their recall campaign.

**ANSWER:** Defendant neither admits nor denies the characterization of plaintiffs' rights in the first sentence of paragraph 41. Defendant APA denies that the discipline imposed on April 15, 2003, has caused any injury or irreparable injury to any such rights held by plaintiffs, and otherwise denies the averments of paragraph 41.

42. By denying plaintiff Pollenz' right of appeal and refusing to waive the arbitrator's fees and expenses, defendant has made further appeal futile and attached conditions to appeal that make further exercise of appellate rights onerous and burdensome.

**ANSWER:** Defendant denies the averments of paragraph 42.

43. The resort to formal arbitration proceedings that would be required to exercise further internal union appeal procedures would entail substantially more time than the four months allowed by the Act of the exhaustion of internal union remedies. See 29

U.S.C.§411(a)(4).

**ANSWER:** Defendant denies that the use of the internal appeals procedure would necessarily "entail" in every case a period of more than four months and therefore denies the averments of paragraph 43.

## Count I
### Deprivation of Free Speech and Association Rights Without Due Process

44. The disciplinary action that defendant has imposed upon plaintiffs violated plaintiffs' due process rights, as follows:

   a. By disciplining plaintiffs for circumventing defendant's program limiting the number of "look-ups" on the membership data base to 25 in a 24-hour period, defendant disciplined them for conduce that did not violate any union rule.

   b. By disciplining plaintiffs for accidentally accessing electronic addresses marked "private," defendant disciplined them for conduct that did not violate any union rule.

   c. The evidence was uncontradicted that plaintiffs' accessing of electronic addresses marked "private" was accidental and unintentional, and that they immediately destroyed all data so marked, without using it, upon discovering that they had accessed it. There is no basis in the evidence for the appeal board's finding that plaintiffs intentionally and knowingly "misappropriated" such union property.

   d. Defendant waived any property interest in barring its own members from accessing its membership list, by historically making the data freely available to all members, first in printed form and then in electronic form, to this date.

   e. The particular discipline- a one-year bar from all access tot he Association's web site- is depriving plaintiffs of their free speech and association rights as members to communicate electronically with other members and with their elected officer, on grounds not prohibited by any union rule.

   f. The particular discipline was not a form of union discipline that was authorized by the Association's constitution at the time of the claimed misconduct, but was added to the constitutionally allowed form of discipline *after* the filing of internal charges against the plaintiffs and imposed on plaintiffs *ex post facto*.

   g. Defendant's adverse finding that plaintiffs used the pass code of another member without that member's authorization was erroneous, in fact, and rested solely on hearsay evidence, without affording plaintiffs their due process right to confront

11

      and cross examine that witness, whom they reasonably and correctly believed had authorized their use of his pass code.

h.     Defendant disciplined plaintiffs without any evidence of any kind that plaintiffs had a wrongful intent or any fair notice that their conduct violated any union rule.

i.     The disciplinary action was based on inadequate advance notice that the hearing would proceed as originally scheduled, despite the settlement agreement that had been reached, depriving plaintiffs of their right under the Association's constitution to representation at the hearing, and entirely depriving plaintiff Pollenz of his right to be present at the hearing.

j.     Defendant denied plaintiffs their due process right to an internal union appeal, and Pollenz his right to appeal to arbitration, notwithstanding the showing of good cause that he made for his failure to appear at the hearing.

k.     Defendant refused to assume the fees and costs of the neutral arbitrator that was the only appeal option offered to plaintiff Kraller, depriving him of a reasonable internal union appeal.

l.     Plaintiffs were tried before appointees of the same Board of Directors that prosecuted the charges against them.

**ANSWER:** Defendant APA in general denies the averments of paragraph 44 above, except more specifically as follows:

    (a)     defendant admits that plaintiffs were disciplined for breaking into secure parts of the APA computer data base under false pretenses but otherwise denies the averments of subparagraph a. of 44.

    (b)     defendant admits that plaintiffs were disciplined for breaking into secure parts of the APA computer data base under false pretenses but otherwise denies the averments of subparagraph b. of 44.

    (c)     defendant denies the averments of subparagraph c. of 44.

    (d)     defendant denies the averments of subparagraph d. of 44.

    (e)     defendant denies the averments of subparagraph e. of 44.

    (f)     defendant admits the APA amended its constitution to clarify that APA could

impose lesser forms of discipline other than forms of discipline previously and expressly enumerated in the APA Constitution, but otherwise denies the averments of subparagraph f. of 44.

 (g) defendant APA denies the averments of subparagraph g. of 44.

 (h) defendant APA denies the averments of subparagraph h. of 44.

 (i) defendant APA denies the averments of subparagraph i. of 44.

 (j) defendant APA denies the averments of subparagraph j. of 44.

 (k) defendant APA denies the averments of subparagraph k. of 44.

 (l) defendant denies that the "Board of Directors" as a party prosecuted the charges, but admits that a Board of Directors of APA with different members had re-elected the members of the APA appeal board in 2001, and otherwise denies the averments of subparagraph l. of 44.

45. On October 19, 2002, and for a period of approximately two weeks thereafter, defendant summarily suspended plaintiffs' right as members to communicate electronically on the Association's official web site with fellow members and their officers, without notice or hearing, in violation of their due process rights under 29 U.S.C.§101(a)(5).

**ANSWER:** Defendant APA admits that it temporarily suspended plaintiffs' rights to communicate electronically on the APA web site, but otherwise denies the averments of paragraph 45.

46. By the actions set forth above, defendant has violated plaintiffs' right under LMRDA, Section 101(a)(5), 29 U.S.C.§411(a)(5), to due process before being subjected to internal union disciplinary action depriving them of valuable membership rights.

**ANSWER:** Defendant APA denies the averments of paragraph 46.

### Count II- Discipline Imposed as Pretext to Suppress Dissent

47. By various action, some of which are detailed below, defendant betrayed an unlawful purpose to discipline plaintiffs as a pretext to suppress their recall campaign against president John Darrah, and to retaliate against plaintiffs for exercising their right to conduct a recall campaign, in violation of their free speech rights as union members under LMRDA, Section 101(a)(2), 29 U.S.C.§411(a)(2):

a. An officer of the defendant, after participating in the decision to prosecute plaintiffs, intentionally used his official union pass code to gain access to the membership data base for the purpose of publicizing a member's private e mail address, with knowledge that it was marked as private, for the purpose of exhorting members to harass that member in retaliation for his having testified as a witness in a federal court lawsuit on behalf of political adversaries of the incumbent administration. Defendant has neither filed nor directed the filing of charges against the officer who intentionally abused his official pass code privileges, for the unlawful purpose described in this paragraph. Nor has defendant acknowledged, to date, that the victim has filed internal union charges against the officer.

b. Over a period of years, with the defendant's knowledge and active support, defendant's officers and representatives have repeatedly gained grater access to the data base of American Airlines than would be available to them by observing the carrier's restrictions on such access, by utilizing the pass codes of rank-and-file members to circumvent the carrier's restrictions on such access, without the carrier's knowledge.

c. Other members, not adversaries of the incumbent administration, have downloaded entire membership data bases for political purposes, rather than for official union business, without suffering disciplinary action or threat of discipline. Yet the defendant itself prosecuted plaintiffs for engaging in such conduct of the purpose of recalling the president.

d. Defendant amended its constitution to empower its appeal board to impose upon plaintiffs a disciplinary penalty not provided by the constitution, that would be sufficiently lenient, and focused, as not to "backfire" politically upon the incumbent administration.

e. Defendant disciplined plaintiffs for swapping pass codes for the purpose of more efficiently downloading membership data, a practice that violates no union rule and has been used in the past for other purposes, not related to a recall campaign against the incumbent administration, without disciplinary consequences.

f. On information and belief, defendant has refrained from disciplining, or even stopping, a non-member from repeatedly gaining access to the members-only forum on the defendant's official web site, under a member's pass code, on a routine basis, to engage in communications having the approval of the incumbent administration, although access to the forum was at that time, and at all times, barred to the non-member as a matter of official union policy.

g. Defendant filed the charges and took the disciplinary actions against plaintiffs that are challenged in this lawsuit, in knowing violation of established interpretation of its disciplinary provisions that they were to be used only to address extreme threats to the welfare of the institution, such as strikebreaking.

h.  On information and belief, defeat has filed charges against members within the past decade, and possibly longer, only for the similar purpose of stifling dissent, and, in another case, to intimidate a member into refraining from posting his messages on the members-only internet forum.

i.  On information and belief, the disciplinary action taken by the defendant against the plaintiffs is the first disciplinary action to have been imposed by the defendant against any members, for any reason, in approximately a decade, despite the occurrence during that time of member misconduct far more threatening to the welfare of the institution than the plaintiffs' claimed misconduct.

j.  Plaintiffs have never at any time within the past decade, or longer, seen any official union communications describing the substance of internal union charges against members - except in their own case. In plaintiffs' case, for the purpose of discrediting plaintiffs' recall campaign, defendant circulated to members a communication that discredited plaintiffs personally and described the charges against them, although the union constitution prohibits such communications about pending charges.

**ANSWER:** Defendant APA in general denies the averments of paragraph 47, except as more specifically follows below:

(a) defendant admits that a member, Jason Goldberg, improperly filed a charge with APA relating to the subject matter of this subparagraph, and that Goldberg has been so advised, and he has not proceeded further. Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments in subparagraph a of 47 and therefore denies the averments in subparagraph a. of 47.

(b) defendant denies the averments in subparagraph b. of 47.

(c) defendant admits that other members have downloaded data bases but denies that they did so under false pretenses and otherwise denies the averments in subparagraph c. of 47.

(d) defendant APA admits it amended its constitution to clarify that the APA appeal board had the right to impose lesser forms of discipline, necessarily included in those expressly provided in the constitution and otherwise denies the averments of subparagraph d. of 47.

(e) defendant denies the averments of subparagraph e. of 47.

(f) defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of subparagraph f. of 47 and therefore denies the averments of subparagraph f. of 47.

(g) defendant denies the averments of subparagraph g. of 47.

(h) defendant denies the averments of subparagraph h. of 47.

(i) defendant admits that the disciplinary action imposed here is the first issued by the APA appeal board in recent years since other cases have been settled by the parties or the charges dismissed by the appeal board, but otherwise denies the averments of subparagraph i. of paragraph 47.

(j) defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in subparagraph j. of 47 and therefore denies the averments of subparagraph j. of 47.

48. Defendant's accusations of wrongdoing against plaintiffs have repeatedly changed, as plaintiffs have responded to each accusation.

**ANSWER:** Defendant APA denies the averments of paragraph 48.

### Count III - Breaches of Union Constitution

49. The Association's constitution constitutes a contract between the Association and its local unions, which is enforceable by plaintiffs, as members, under Section 301 of the Labor-Management Relations Act, 29 U.S.C.§185.

**ANSWER:** Defendant denies the averments of paragraph 49.

50. At the time that plaintiffs engaged in the conduct for which they were disciplined, Article VII.A of the Association's constitution provide only for fines, suspension, or expulsion from membership as disciplinary actions against members.

**ANSWER:** Defendant APA admits that at the time plaintiffs engaged in the conduct for which they were disciplined, the specifically enumerated forms of discipline were "fines, suspension, or expulsion" but denies that the APA Constitution denied the appeal board the ability to impose

lesser forms of discipline, and otherwise denies the averments of paragraph 50.

51. By imposing a bar against any and all access to the Association's official web site for a period of one year, as a formal disciplinary action against plaintiffs, the defendant disciplined plaintiffs in violation of the constitution's disciplinary provisions.

**ANSWER:** For the reasons set forth in the answer to paragraph 50 above, defendant APA denies the averments of paragraph 51.

52. By revoking plaintiff Pollenz' right of appeal for failing to appear at the hearing, notwithstanding his showing of good cause for such failure, defendant violated his right of appeal under Article VII.B.3 of its constitution.

**ANSWER:** Defendant APA denies the averments of paragraph 52.

53. By proceeding with the hearing despite plaintiff Kraller's showing of good cause for the failure of his designated hearing representative to appear at the hearing, defendant violated his right to representation at the hearing by another member in good standing under Article VII.B.3 of the constitution.

**ANSWER:** Defendant APA denies the averments of paragraph 53.

### AFFIRMATIVE DEFENSES

### Affirmative Defense Number One

Plaintiffs have failed to state a claim upon which relief can be granted.

### Affirmative Defense Number Two

Plaintiffs have failed to exhaust or even initiate their internal union remedies.

### Affirmative Defense Number Three

This court is without jurisdiction to hear any claim under Section 301 of the Labor Management Relations Act in that defendant APA is not a labor organization representing employees covered by the Labor Management Relations Act.

### Affirmative Defense Number Four

The discipline of plaintiffs challenged herein was reasonable and meets the standard for union

discipline as set forth in Boilermakers v. Hardeman, 401 U.S. 203 (1971). Therefore plaintiffs have failed to state a claim of relief either under Section 101 (a)(5) of the Labor Management Reporting and Disclosure Act. Furthermore, for the same reason, plaintiffs have also failed to state a claim under Section 101 (a)(2) of the LMRDA in that rights under Section 101 (a)(2) are subject to reasonable rules and regulations of the defendant APA, and the discipline in this case had a reasonable basis.

Respectfully Submitted,

THOMAS H. GEOGHEGAN
Illinois Bar No. 3126689
Despres, Schwartz & Geoghegan
77 West Washington Street, Suite 711
Chicago, Illinois 60602-2803
(317) 372-2511
(317) 372-7391 FAX

SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
Stemmons Place, Suite 1100
2777 N. Stemmons Freeway
Dallas, TX 75207
(214) 637-0750
(214) 637-0730 FAX

COUNSEL FOR DEFENDANT
ALLIED PILOTS ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document "Answer of Defendant Allied Pilots Association" has been served via certified mail r.r.r. on this 27th day of May, 2003 on the following:

Barbara Harvey
645 Griswold, Suite 3060
Detroit, Michigan 48226

Stephen Gardner
Law Office of Stephen Gardner, P.C.
6060 N. Central Expressway, Suite 560
Dallas, Texas 75206

Sanford R. Denison