IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 1 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JEFFREY A. KRALLER and <br> ALAN POLLENZ, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PILOTS ASSOCIATION, <br> a Labor Organization, <br><br> Defendant. | § § § § § § § § § § § § § |

Civil Action No. 3 03CV--761P

**JOINT PROPOSAL FOR CONTENTS OF SCHEDULING AND DISCOVERY ORDER**

All counsel for the parties met on the morning of Wednesday, October 1, 2003, in accordance with the requirements of this Court's Scheduling Order. Counsel Stephen Gardner and Sanford Denison met face-to-face, with counsel Thomas Geoghegan and Barbara Harvey participating by speaker phone.

I.  *Status Report on Settlement Negotiations.*

   *Plaintiffs' Statement:*

   At the October 1, 2003 meeting, counsel for defendant proposed the voluntary dismissal of the lawsuit and interlocutory appeal, with prejudice, the parties to bear their own fees and costs. Counsel for plaintiffs proposed the following settlement terms: voluntary dismissal of this lawsuit and of the pending interlocutory appeal, with prejudice, the parties to bear their own fees and costs, in exchange for a mutual agreement that the disciplinary action against plaintiffs would be reduced from one year to six months (October 15, 2003). Counsel for defendant proposed to respond to the plaintiffs' settlement offer by Friday, October 3, 2003, and no later than Monday, October 6, 2003. On October 10, 2003, defendant rejected plaintiffs' settlement proposal by e mail, without explanation. Defendant has shown no openness to resolution of this dispute short of dismissal with prejudice.

   *Defendant's Statement:*

   Defendant believes that the interests of all parties would be best served by an agreement to

**JOINT PROPOSED SCHEDULING AND TRIAL ORDER, page 1**

dismiss this action with both parties to bear their own costs and attorney's fees. Defendant proposed, but plaintiffs rejected, this as a means of resolving this litigation. Defendant does not agree with plaintiffs' characterization of the conduct and progress of settlement negotiations as discussed by plaintiffs above. Nevertheless, defendant remains open to further discussions to resolve this litigation through voluntary means.

II   *Proposed Schedule.*

1. Motions to amend and for leave to join other parties: November 15, 2003.

2. a. Discovery motion cut-off date for all parties: March 1, 2004.

   b. Dispositive motion cut-off date: March 1, 2004.

3. Discovery cut-off date for all parties: February 20, 2004.

4. Limitations on discovery:

   a. Each side will file no more than one initial and one follow-up set of interrogatories, requests for production of documents, and requests for admissions.

   b. No depositions will be taken.

5. Expert Witnesses:

   a. Plaintiffs shall designate any expert witness(es) by January 5, 2004.

   b. Defendant shall designate any expert witness(es) by January 10, 2004.

   c. In the event plaintiffs designate no expert witness(es), but defendant designates expert witness(es), plaintiffs shall designate any expert witness(es) by January 15, 2004.

6. Trial:

   a. Trial date: July 6, 2004.

   b. Number of trial days: 6 days.

   c: Jury demand: Yes.

7. Settlement negotiations to commence: Settlement was discussed at the parties' October 1, 2003 meeting. See status report in Part I, *supra.*

JOINT PROPOSED SCHEDULING AND TRIAL ORDER, page 2

8. Consent to trial before United States Magistrate Judge William F. Sanderson, Jr.:

   Plaintiffs: Yes.

   Defendant: No.

9. Mediation or arbitration:

   a. Plaintiffs would submit to mediation by a voluntary unpaid neutral, but decline to submit to paid mediation or arbitration. Defendant declines to submit to any form of either arbitration or mediation.

   b. Explanation: Plaintiffs object to the burdensome cost of such proceedings. Defendant does not believe the case is susceptible to mediation or arbitration.

10. Other scheduling or discovery proposals that the parties believe will facilitate expeditious and orderly preparation for trial:

    *Plaintiffs' Statement:*

    Plaintiffs have moved for a stay of trial proceedings pending determination of their interlocutory appeal from this Court's order denying their motion and renewed motion for preliminary injunction, for the following reasons:

    a. Given this Court's analysis of the merits of plaintiffs' claims, the continuing prosecution of this lawsuit is futile unless plaintiffs prevail on appeal. Plaintiffs will move for voluntary dismissal of their claims if they cannot prevail before the Court of Appeals. The interests of judicial economy warrant the requested stay.

    b. Additional considerations of judicial economy further warrant delaying trial until after the Court of Appeals determines the merits of plaintiffs' appeal: (1) The likelihood of settlement will be substantially enhanced if plaintiffs prevail on appeal; and (2) if plaintiffs are compelled to present their case to a jury on jury instructions that the Court of Appeals later finds to be erroneous, all parties and this Court will be subjected needlessly to two trials. An interlocutory appeal will unburden all involved of the risk of two trials.

    c. As a practical matter, it is likely that the decision of the Court of Appeals may well be

**JOINT PROPOSED SCHEDULING AND TRIAL ORDER, page 3**

the last word in this matter. As of the date of filing this Proposed Order, plaintiffs will have served nearly half of their one-year disciplinary term, and it is likely that little meaningful portion of their disciplinary term will remain by the time the Court of Appeals issues a determination on the merits.

*Defendant's Statement*:

Defendant opposes plaintiffs' motion to stay the District Court proceedings pending a decision by the Fifth Circuit on plaintiffs' interlocutory appeal of this Court's September 11, 2003 "Order Denying Preliminary Injunction." For reasons that will be set forth in greater detail in defendant's response, defendant believes that the resolution of this case should not be delayed awaiting the Fifth Circuit's decision on plaintiffs' interlocutory appeal.

11.   Other matters relevant to the status and disposition of this case: See ¶ 10, *supra*.

Respectfully submitted,

Stephen Gardner, Esq.   TBN 07660600
Law Office of Stephen Gardner, PC
6060 North Central Expressway, Suite 560
Dallas, Texas 75206
Telephone: (214) 800-2830
Facsimile: (214) 800-2834

Sanford R. Denison, Esq., Tx Bar No. 05655560
Baab & Denison, LLP
Stemmons Place, Suite 1100
2777 N. Stemmons Freeway
Dallas, TX 75207
Telephone: (214) 637-0750
Facsimile: (214) 637-0730

Barbara Harvey, Esq.
Penobscot Building, Suite 3060
645 Griswold Street
Detroit, Michigan 48226
Telephone: (313) 963-3570
Facsimile: (313) 963-3572

Thomas H. Geoghegan, Esq., Illinois Bar No. 3126689
Despres, Schwartz & Geoghegan
77 West Washington Street, Suite 711
Chicago, Illinois 60602-2803
Telephone: (312) 372-2511
Facsimile: (312) 372-7391

Attorneys for Plaintiffs

Attorneys for Defendant

Dated: October 15, 2003

JOINT PROPOSED SCHEDULING AND TRIAL ORDER, page 4