

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
Docket No. 03-11040
USDC No. 3:03-CV-761-P

| | | |
|---|---|---|
| JEFFREY A. KRALLER and ALAN POLLENZ, | § § § | |
| Plaintiffs-Appellants, | § § | |
| v. | § § | **MOTION TO EXPEDITE APPEAL** |
| | § § | |
| ALLIED PILOTS ASSOCIATION, a Labor Organization, | § § § | |
| Defendant-Appellee. | § | |

Appellants JEFFREY A. KRALLER and ALAN POLLENZ move to expedite the processing and consideration of this appeal, for the following reasons:

1. This is an interlocutory appeal from the District Court's order of September 11, 2003, denying a preliminary injunction. Expedited processing of the appeal is required by 28 U.S.C. § 1657(a), and by Rule 47.7(4) of this Court's Local Rules.

2. The subject of this appeal involves the appellants' free speech, association, and due process rights as union members, under sections 101(a)(2), 101(a)(5) of the Labor-Management Reporting and Disclosure Act's "Bill of

Rights for Union Members." 29 U.S.C. §§ 411(a)(2), 411(a)(5). Specifically, the union has effectively prevented the appellants from pursuing their internet-based recall campaign against the union's president, by barring their access to all members-only areas of the union's official web site, including the data base of members' electronic addresses, which the appellants had relied upon to request the support of fellow members for their recall campaign.

3. The union continues to cause irreparable injuries to the appellants' right to seek the recall of the union president, by barring the appellants from access to all members-only areas of the union's official web site, including its electronic membership list and its members-only forum. These limits on the appellants' access to areas of the official web site that are open to all other members were imposed as disciplinary action against the appellants for one year, beginning April 15, 2003. The union's rationale for taking this action was that the appellants had circumvented informally created limits on the downloading of members' e mail addresses, by using a committee chair's unrestricted pass code. Appellants had no reason to believe that their action was impermissible, however, since no specific rule forbid it, other members had downloaded much larger portions of the membership data base, and the swapping of pass codes was a widespread, open practice by members, officers, and the union itself -- all without disciplinary

consequences. Appellants had both apparent and actual authorization to use the particular pass code.

4. Appellants filed their lawsuit and motion for preliminary injunction on April 14, 2003. RE #s 1, 3. On September 11, 2003, the district court issued its order denying a preliminary injunction. RE # 30. Because the district court denied the motion on the merits, appellants have moved the district court to stay trial proceedings pending disposition of this appeal. RE #s 33, 34. The district court has ordered retention of the record by the district court, but has not ruled on the appellants' motion to stay trial proceedings. RE # 35. The appellee has stated its opposition to the motion, but failed to file a timely responsive pleading, which was required to be filed on or before October 20, 2003.

5. The union president's term of office will expire on June 30, 2004, and the campaign for new union officers is likely to begin at any time. Without access to the members-only areas of the union's official web site, appellants, who have openly and actively opposed the incumbent president, are barred from effective participation in the upcoming election campaign.

6. The district court denied all the appellants' claims without making findings of fact on disputed factual issues. The district court denied the appellants' free speech claim that the union's prosecution and discipline were

discriminatory and a pretext to suppress their recall campaign and other online political activity, concluding that the internal appointed appeal board that found the appellants guilty and issued the discipline was an independent body, comparable to an autonomous Teamster joint council. Teamster joint councils are independent "intermediate labor organizations" within the meaning of 29 U.S.C. §§ 402(i), (j)(5); they are entitled to the trusteeship protections of LMRDA, Title III, and they are administered by their own elected officers, subject to the election provisions of LMRDA, Title IV. 29 U.S.C. § 481(d). The district court further concluded that the appellants suffered no substantial injury to their free speech rights because they remained free to contact fellow members by their own private e mail or by conventional mail. The district court denied the appellants' due process claims that they had been deprived of important membership free speech and association rights without having violated any specific union rule; despite widespread similar conduct by other members, officers and the union that had not been subjected to any disciplinary action; and without any other fair notice that such electronic activity was considered to violate the union constitution's general ban against engaging in "[a]ny act contrary to the best interests of the APA as an institution or its membership as a whole."

7. If this appeal is not expedited, the appellee is virtually certain to succeed

in subjecting the appellants to the full one-year ban on their right to access the members-only areas of the union's official web site, and excluding the appellants from meaningful political activity – *i.e.,* internet-based member-to-member contact – through most of the campaign for the upcoming officer election, before the merits of the appeal may be determined.

8. If this appeal is not expedited, the case may be submitted to a jury for trial without guidance from this Court as to the appropriate legal standards, if the District Court erred in analyzing the merits of the appellants' free speech and due process claims.

9. A certificate of interested parties is appended to this motion.

10. Counsel for the appellants has contacted all other parties, and has been informed by counsel for appellee that this motion is opposed.

*WHEREFORE,* appellants respectfully request the Court to set an expedited briefing schedule and expedited oral argument, and to expedite the processing and consideration of this appeal in all other appropriate ways, for resolution as soon as possible.

Respectfully submitted,

*/s/ Barbara Harvey*
_____
Barbara Harvey, Esq.
Penobscot Building, Suite 3060
645 Griswold Street
Detroit, Michigan 48226
Telephone: (313) 963-3570
Facsimile: (313) 963-3572
barbaraharvey@comcast.net

Attorney for Appellants

Dated: October 21, 2003

## Certificate of Service

Barbara Harvey, counsel for appellants, hereby certifies that on this date she served copies of this Motion to Expedite Appeal and Certificate of Interested Persons on the following counsel by first-class mail to the address shown below, and by facsimile as indicated:

>Thomas Geoghegan, Esq.
>Despres, Schwartz & Geoghegan
>77 W. Washington St., Ste. 711
>Chicago, IL 60602-2803
>Via facsimile to: (312) 372-7391
>
>Sanford R. Denison, Esq.
>Baab & Denison, LLP
>Stemmons Place, Suite 1100
>2777 N. Stemmons Freeway
>Dallas, TX 75207

>/s/ Barbara Harvey
>_____
>Barbara Harvey, Esq.
>Penobscot Building, Suite 3060
>645 Griswold Street
>Detroit, Michigan 48226
>Telephone: (313) 963-3570
>Facsimile: (313) 963-3572

Dated: October 21, 2003