



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY A. KRALLER and          §
ALAN POLLENZ                    §
                                §
          Plaintiffs,           §
v.                              §          CIVIL ACTION NO.
                                §          3:03-CV-761-P
                                §
ALLIED PILOTS ASSOCIATION,      §
a Labor Organization,           §
                                §
          Defendants.           §

## ORDER

Presently before the court is plaintiffs' Motion for Stay of Trial Proceedings filed on

September 30, 2003, defendant's response filed on October 20, 2003, and plaintiffs reply filed on

October 28, 2003.  Plaintiffs, members of defendant labor organization, filed suit against

defendant following disciplinary action taken by the Pilots Association against plaintiffs in April

2003.  Plaintiffs sought a Temporary Restraining Order and Preliminary Injunction against

defendant which the court denied by order filed September 11, 2003.  Plaintiffs have appealed

this court's order of September 11, and now seek a stay of proceedings in this court pending

review of plaintiff's appeal by the Fifth Circuit Court of Appeals.

The court issued its Order Requiring Attorney Conference and Proposal for Scheduling

Order on September 11, 2003.  The parties submitted a joint proposal for Contents of Scheduling

and Discovery Order on October 15, 2003.  Plaintiffs request this court to stay proceedings in this

court pending appellate review of this court's order of September 11.  Plaintiffs assert that

**ORDER — Page 1**
**3:03-CV-761-P**

considering this court's analysis of the merits of plaintiffs' claims, "continuing prosecution of this lawsuit is futile unless plaintiffs prevail on appeal." (Plfs.' Mot. at p. 1). Plaintiffs further state that they will move for voluntary dismissal of their claims if they do not prevail on appeal. In the event they prevail on appeal, plaintiffs maintain that staying proceedings in this court is still appropriate because the likelihood of settlement will be enhanced and the case does not present complex discovery issues. Defendant opposes staying the proceedings because of the uncertainty of the grounds on which the court of appeals will decide the case on appeal and maintain that judicial economy will best be attained if the parties proceed with the limited discovery they have agreed upon and resolve the case by summary judgment.

The court agrees with plaintiffs that the best course is to stay the proceedings in this court until the appeal is decided by the Fifth Circuit. As plaintiffs note, if this court's order is upheld on appeal, the case may never go any further, and the time and money spent on discovery and filing motions for summary judgment will have been unnecessary. If this court's order is reversed, the case can be prepared for resolution quickly, and perhaps the issues remaining for resolution will have been narrowed. The parties have agreed in their Joint Proposal that only four months of discovery is necessary, and motions for summary judgment could be filed within thirty days after the close of discovery. Thus, granting the motion for stay will not result in a significant delay of this case. Accordingly, plaintiffs' motion for stay filed on September 30, 2003 is granted. The court will withhold issuing a Scheduling Order until after the Fifth Circuit Court of Appeals has decided the appeal.

Signed this _14th_ day of November 2003.

Jorge A. Solis
United States District Judge