# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**CHARLES R. FULBRUGE III**
**CLERK**

**TEL. 504-310-7700**
**600 CAMP STREET**
**NEW ORLEANS, LA 70130**

January 26, 2004



MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 03-11040  Kraller v. Allied Pilots Assoc
    USDC No.  3:03-CV-761-P

The court has granted appellants' motion to supplement the record with a copy of a new union rule and the union appeal board's rejection of an appeal in this case.

                      Sincerely,

                      CHARLES R. FULBRUGE III, Clerk

        By: *Cindy Tyler*
              Cindy Tyler, Deputy Clerk

Mr Stephen Henry Gardner
Ms Barbara M Harvey
Mr Sanford R Denison
Mr Thomas H Geoghegan
Ms Karen S Mitchell, Clerk

MOT-2

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
Docket No. 03-11040
USDC No. 3:03-CV-761-P

U. S. COURT OF APPEALS
**FILED**
JAN - 9 2004
CHARLES R. FULBRUGE III
CLERK

| | | |
|---|---|---|
| **JEFFREY A. KRALLER** and **ALAN POLLENZ,** | § § § § § | |
| Plaintiffs-Appellants, | § | |
| v. | § § | MOTION TO SUPPLEMENT RECORD ON APPEAL |
| **ALLIED PILOTS ASSOCIATION,** a Labor Organization, | § § § § | |
| Defendant-Appellee. | § § | |

The Opposed / Unopposed Motion of Appellants to Supplement the record Is Granted in Part   Denied

C Dylu
1-26-04

Appellants JEFFREY A. KRALLER and ALAN POLLENZ move pursuant to F.R.A.P. rule 10(e) to supplement the record on appeal with two pieces of new evidence. In support of this motion, appellants state:

1. This is an interlocutory appeal from the denial of a preliminary injunction against internal union disciplinary action taken by the appellee union against two members, appellants Captains Kraller and Pollenz, for allegedly "misappropriating" union property when, in downloading members' email addresses that the union made available to all members online, they successfully evaded a 25-name limit on the number of "lookups" permitted in a 24-hour period and also unintentionally downloaded email addresses tagged as private, by using a pass code that they had permission to use but that, unbeknownst to them, accessed all membership data, including private data. They had made no secret that their purpose in downloading the data was to win support for their campaign to recall the union president. The union seized upon this mishap to banish them from all members-only areas of the official union web site for a year – *i.e.*, for the remainder of the incumbent president's term of office. The union's action effectively sabotaged the recall campaign.

2. Although Captains Kraller and Pollenz were charged with violating the union constitution by exceeding the numerical limit on "lookups" that was programmed into the data base, the union has admitted that at the time, they violated no union rule by exceeding that limit. The findings made against them were, instead, that their use of the pass code was not authorized by the pass code holder and that they had behaved "dishonorably" and "deceptively" by failing to obtain permission to use the pass code directly from the pass code owner. (They had accepted the pass code from a fellow pilot who was known to be a friend of the pass code owner, and who had assured them that they were authorized to use it.)

3. One of the claims in this lawsuit is that the union seized upon a rationale for disciplinary action as a pretext to discredit the recall campaign and to throw obstacles in the path of easy communications between the recall campaign leaders and the members they sought to persuade. Another claim is that they had no fair notice that they were doing anything "dishonorable" by accepting a pass code offered by a political supporter, with assurances that they were allowed to use it. Thus, objective evidence that would corroborate the position of Captains Kraller and Pollenz that they had no reason to be deceptive, and that there was in fact no rule prohibiting their evasion of the limit on lookups would be material to the merits of their claims.

4. Exhibit "A," attached to this motion, is such evidence. It is a copy of a new union rule governing access by rank-and-file union members to the online membership data base, the "Member Lookup Acceptable Use Policy," including a limit on "lookups" of 25 in any 24-hour period. The new rule was adopted at a November 20, 2003 meeting of the union's governing board. Captains Kraller and Pollenz, and undersigned counsel, were unaware of the new rule when the appellant's brief was filed, on December 1, 2003.

5. The new rule on lookups provides objective corroboration that Captains Kraller and

Pollenz had no reason to engage in deception or circumspection in circumventing the numerical limit on lookups that had previously been programmed into the membership data base without basis in any known official rule or policy. Therefore, appellants respectfully submit that Exhibit "A" should be accepted into the record on appeal. This Court may decide that a remand is appropriate for consideration of the new evidence.

6. Exhibit "B," attached to this motion, is the union appeal board's rejection of an appeal that was made to it by Captains Kraller and Pollenz to reduce their one-year banishment from the members-only area of the official union web site to six months. They made the appeal six months into the disciplinary period, pursuant to an invitation by the appeal board to do so after six months. See Appellants' Record Excerpts, RE2, at 24. This evidence did not come to the attention of appellant's counsel until after the filing of the appellants' brief. Appellants respectfully submit that this evidence is a necessary addition to the record, since the union's disciplinary action is the subject of the lawsuit.

7. Appellants were unable to ascertain whether the appellee opposes this motion.

WHEREFORE, appellants respectfully move the Court to supplement the record on appeal with Exhibits "A" and "B."

Respectfully submitted,

/s/ Barbara Harvey
Barbara Harvey, Esq.
Penobscot Building, Suite 3060
645 Griswold Street
Detroit, Michigan 48226
Telephone: (313) 963-3570
Facsimile: (313) 963-3572
barbaraharvey@comcast.net

3

        Stephen H. Gardner, Esq.
Law Office of Stephen Gardner, PC
6060 North Central Expressway, Suite 560
Dallas, Texas 75206
Telephone: (214) 800-2830
Facsimile: (214) 800-2834
steve@consumerhelper.com

Attorneys for Appellants

## Certificate of Service

Barbara Harvey, counsel for appellants, hereby certifies that on this date she served copies of this Motion to Supplement Record on Appeal and Certificate of Service on the following counsel by first-class mail to the address shown below, and by facsimile as indicated:

| | |
|---|---|
| Thoma Geoghegan, Esq.<br>Despres, Schwartz & Geoghegan<br>77 W. Washington St., Ste. 711<br>Chicago, IL 60602-2803<br>Via facsimile to: (312) 372-7391 | Sanford R. Denison, Esq.<br>Baab & Denison, LLP<br>Stemmons Place, Suite 1100<br>2777 N. Stemmons Freeway<br>Dallas, TX 75207<br>Via facsimile to (214) 637-0730 |

        _/s/ Barbara Harvey_
        Barbara Harvey, Esq.
        Penobscot Building, Suite 3060
        645 Griswold Street
        Detroit, Michigan 48226
        Telephone: (313) 963-3570
        Facsimile: (313) 963-3572

Dated: January 8, 2004

*Disposition: Passed as amended 18-0-0-0*

| R2003 -83 Rev 2 | DOMICILE: LAX | FOR | 18 |
|---|---|---|---|
| BOD MTG: 10/19-10/25/2003 | | AGAINST | 0 |
| CBOD MTG: 11/17-11/20/2003 | | ABSTAIN | 0 |
| | | ABSENT | 0 |

Title: Member Lookup Acceptable Use Policy

Presented by: FO Randall (Randy) LeRuth   Seconded by: CA Tom Westbrook (DDR-Philpot)

Policy Manual:   2.06 & 2.07 (new)   Cons. & Bylaws: _____

EXHIBIT "A"

**WHEREAS,** APA Information Services provides the ability for the general membership to search the APA member database to determine another member's personal contact information, commonly known as "Member Lookup"; and

**WHEREAS,** this service was established for the purpose of allowing Association-to-member and member-to-member contact for work- and/or union-related matters; and

**WHEREAS,** no official policy has ever been delineated regarding the limits and acceptable use for the membership information obtained by utilizing the Member Lookup function; and

**WHEREAS, APA Information Services provides Domicile Officers with contact information for the members of their Domicile; and**

**WHEREAS, no official policy has ever been delineated regarding the use of this contact information; therefore**

**BE IT RESOLVED,** that Section 2.06.B. of the Policy Manual be changed to read:

> B. APA Internet Services will provide Domicile Officers with access to a complete and current list of contact information for their Domicile in electronic format (the Domicile Database). The Domicile Database shall include, as a minimum, name, address, phone number, email address, employee number, seniority number and four part bid status. Domicile Officers may provide any part of their Domicile Database to members of their Domicile for the purpose of conducting official APA business. Member information obtained from the Domicile Database may only be

<u>used to contact members in the course of official APA business.</u>

**BE IT FURTHER RESOLVED,** that new section 2.07 be inserted into the Policy Manual immediately following the current section 2.06, as follows:

**2.07   Member Lookup Acceptable Use Policy.**

    A.  APA Information Services will provide a "Member Lookup" service to APA members in good standing. This service will allow such members to search the APA member database via the APA website and view personal contact information of other APA members.

    B.  As stated in Section 2.06.D., individual members may limit the personal information available for viewing by the general membership. APA Information Services will provide a means for each member to identify what information in their record is personal and not for disclosure. In order to perform their duties, elected APA officials and Committee Chairs will have access to any member's entire personal record on file; however information which that member has marked as private and not for disclosure must be annotated.

    C.  Any member at large will be permitted to perform no more than twenty-five (25) Member Lookups in any twenty-four (24) hour period. Elected officers will have unlimited Member Lookup ability. Committee limits will be determined by either the National

> Officers or the Board of Directors. Should a member have a need to perform more than the proscribed number of lookups, they should forward their request and their reasons to their Domicile officers. <u>Domicile Officers may authorize a greater number of member lookups for official APA business, not to exceed 200 lookups in a 24-hour period, to any individual member of their Domicile on a case-by-case basis. The notification requirements of Section 2.06.F. will apply to such exceptions.</u>
>
> D. The format in which the Member Lookup information is provided shall be determined by the National Officers and Board of Directors.
>
> E. Any suspected abuse of this policy should be reported to the Secretary-Treasurer.

**BE IT FURTHER RESOLVED,** that the current section 2.07 and subsequent sections be renumbered appropriately; and

**BE IT FURTHER RESOLVED,** that the IT Department make the necessary changes to implement this policy within two weeks of passage of this resolution; and

**BE IT FURTHER RESOLVED,** that the Secretary-Treasurer coordinate with the IT Department and APA Communications to advise the membership of the requirements of this new section as soon as possible.

ALLIED PILOTS ASSOCIATION POLICY MANUAL (Rev. 11-20-2003) - Page 17

**2.06 Membership Mailing List**

A. The Association shall not release membership mailing lists, except as follows: *(04/25/95)*

B. APA Internet Services will provide Domicile Officers with access to a complete and current
list of contact information for their Domicile in electronic format (the Domicile Database).
The Domicile Database shall include, as a minimum, name, address, phone number, email
address, employee number, seniority number and four part bid status. Domicile Officers may
provide any part of their Domicile Database to members of their Domicile for the purpose of
conducting official APA business. Member information obtained from the Domicile
Database may only be used to contact members in the course of official APA business.
*(11/20/2003)*

C. The local domicile phone list will include a pilot's address for personal use only. Prior to
distribution, a pilot can have his/her address or phone number deleted from this list. *(04/25/95)*

D. The database from which mailing list and telephone information is drawn will contain specific
"permission tags" for each piece of personal information. Members will use these tags to
identify information that they do not want made available to other members on domicile lists
or Internet Services (2.04). Electronic logs will be kept of all member access to address and
telephone lookup via Internet Services. *(10/23/97)*

E. The database containing information for the entire membership is confidential and access to it
must be carefully controlled. Release of names, phone numbers, addresses, e- mail addresses
and related data for APA's entire membership shall require prior written permission of all
three National Officers and prior notification to APA's Board of Directors. *(02/25/99)*

F. No person other than the Director of Information Technology or his designated staff
representative shall have access to the complete database and this policy may not be waived
by the National Officers. An electronic log shall be maintained by the Director of
Information Technology to monitor requests for information from APA's database. The

National Officers and Board of Directors shall be immediately notified of unusual or high volume of access to APA's database. *(02/25/99)*

**2.07 Member Lookup Acceptable Use Policy**

A. APA Information Services will provide a "Member Lookup" service to APA members in good standing. This service will allow such members to search the APA member database via the APA website and view personal contact information of other APA members. *(11/20/2003)*

B. As stated in Section 2.06.D., individual members may limit the personal information available for viewing by the general membership. APA Information Services will provide a means for each member to identify what information in their record is personal and not for disclosure. In order to perform their duties, elected APA officials and Committee Chairs will have access to any member's entire personal record on file; however information which that member has marked as private and not for disclosure must be annotated. *(11/20/2003)*

C. Any member at large will be permitted to perform no more than twenty-five (25) Member Lookups in any twenty-four (24) hour period. Elected officers will have unlimited Member Lookup ability. Committee limits will be determined by either the National Officers or the Board of Directors. Should a member have a need to perform more than the proscribed number of lookups, they should forward their request and their reasons to their Domicile officers. Domicile Officers may authorize a greater number of member lookups for official APA business, not to exceed 200 lookups in a 24-hour period, to any individual member of their Domicile on a case-by-case basis. The notification requirements of Section 2.06.F. will apply to such exceptions. *(11/20/2003)*

D. The format in which the Member Lookup information is provided shall be determined by the National Officers and Board of Directors. *(11/20/2003)*

E. Any suspected abuse of this policy should be reported to the Secretary-Treasurer. *(11/20/2003)*

# ALLIED PILOTS ASSOCIATION

O'Connell Building • 14600 Trinity Boulevard, Suite 500 • Fort Worth, TX 76155-2512 • 817.302.2272 • www.alliedpilots.org

November 21, 2003

VIA CERTIFIED MAIL RETURN
RECEIPT #7002 2410 0000 3396 2577
Captain Jeff Kraller
5005 Lighthouse Drive
Flower Mound, TX 75022

VIA CERTIFIED MAIL RETURN
RECEIPT #7002 2410 0000 3396 2669
Captain Alan Pollenz
12409 Whartons Way
Raleigh, NC 27613

Re: Sentence reduction request

Dear Captains Kraller and Pollenz,

The Appeal Board has received your request for reduction of your sentence.

Given that this case is still active in the Texas courts, the Appeal Board does not consider it prudent to take any action that could affect pending litigation.

Therefore, we decline to amend the sentence at this time.

For the Appeal Board,

*Gary E Weller*

Gary Weller
Chairman

cc: Appeal Board

GW/jnb

\\Apants01\legaldep\Jim\weller-letter2-11-21-2003.doc

EXHIBIT "B"